**ARMSTRONG et al. v. UNITED STATES.**

(Circuit Court of Appeals, Seventh Circuit. March 30, 1927.)

No. 3832.

1. Injunction ⏗63—Injunction restraining persons not employed by street railway from soliciting employees to strike held warranted.

Issuance of injunction restraining persons not in employ of street railway company, and who never were in its employ, from soliciting and persuading its employees to strike in violation of their employment contract, held warranted, where court had jurisdiction of subject-matter and of parties.

2. Contempt ⏗54(4)—Contempt proceedings are sui generis, and information will not be held bad for duplicity.

Contempt proceedings are sui generis, being neither civil actions nor prosecutions for offenses within the ordinary meaning of such terms, and technical accuracy in such proceedings is not required, and contention that information was bad for duplicity was therefore without merit.

3. Injunction ⏗230(2)—Information, in contempt proceedings, in which was incorporated injunction violated and affidavits setting forth violations, held sufficient on motion to quash.

Information in contempt proceedings, to which was attached and incorporated, by proper allegations, the injunction order alleged to have been violated and affidavits setting forth such violations, and which in apt words alleged that defendants conspired to do, and did, things which injunction prohibited, held sufficient as against motion to quash.

4. Jury ⏗13(21)—Defendants in contempt proceedings for violating injunction restraining solicitation of employees to strike held not entitled to jury trial (Clayton Act, §§ 21, 22, 24 [Comp. St. §§ 1245a, 1245b, 1245d]).

Under Clayton Act, §§ 21, 22, 24 (Comp. St. §§ 1245a, 1245b, 1245d), entitling persons charged with contempt for disobeying injunction order to jury trial, if act done constitutes "also a criminal offense," but providing that proceedings in other cases of contempt may be in conformity to usages of law and equity held, that defendants charged with violating injunction prohibiting them from soliciting employees to strike, which did not constitute criminal offense, were not entitled to jury trial, as against contention that violation of injunction was itself a crime.

5. Injunction ⏗230(3)—Finding that defendants violated injunction order against soliciting employees to strike held warranted by evidence.

Evidence in contempt proceedings held to warrant finding that defendants violated injunction order restraining them from soliciting and persuading street railway employees to strike in violation of their employment contracts.

6. Appeal and error ⏗859—Findings of fact are not reviewable on writ of error.

On writ of error, findings of fact are not reviewable, but only matters of law may be considered.

7. Injunction ⏗63—Persons not past, present, or prospective employees may be enjoined from seeking to induce employees to strike (Clayton Act, § 20 [Comp. St. § 1243d]).

Persons seeking to persuade employees of street railway to strike in violation of their employment contracts, who were not past, present, or prospective employees of company, were not within the privilege or immunity from injunction given by Clayton Act, § 20 (Comp. St. § 1243d).

In Error to the District Court of the United States for the District of Indiana, Indianapolis Division.

Contempt proceedings by the United States against Robert B. Armstrong and another for violation of an injunction order. Defendants were adjudged guilty, and they bring error. Affirmed.

Albert Ward, of Indianapolis, Ind., for plaintiffs in error.

Wm. Bachelder, of Indianapolis, Ind., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiffs in error were found guilty of the willful violation of an injunction entered in a cause pending against them in the court below, brought by the Indianapolis Street Railway Company.

[1] The railway company alleged in its complaint that it was engaged in transporting persons for hire in Indianapolis and contiguous territory by means of street cars and busses, as it by law was authorized to do; that in carrying on such business it had in its employ approximataely 1,100 men (motormen, conductors and bus drivers); that it had entered into a written contract with each and every one of such car service men and bus drivers by which they, upon considerations passing to them from the company, agreed not to strike or participate in any strike of the employees of said company or enter into any agreement to engage in such strike, or counsel or advise any other employee so to do; that the company had kept and was keeping the contract; that plaintiffs in error were not in the employ of the company, and were wrongfully and unlawfully soliciting and persuading its employees to violate and breach their said contract by going upon strike and quitting their employment in a body, and that unless restrained by the court would continue to do so. The prayer was that they be enjoined from such soliciting and persuading.

The complaint was verified, and on July 3, 1926, the company, upon its complaint and certain affidavits then filed, moved for a temporary injunction. Plaintiffs in error appeared in person and by attorney and filed affidavits in opposition thereto. Upon a hearing the court found the averments of the complaint to be true, and entered the injunction as prayed. The record shows that plaintiffs in error were present in court when the hearing was had and the injunction entered. They therefore had actual knowledge of it from the time of its issuance.

The court had jurisdiction of the subject-matter and of the parties, and the injunction was fully warranted under the case of Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461.

On July 26, 1926, the United States attorney filed an information for contempt, charging plaintiffs in error with violating the injunction. Thereupon an order was entered that on July 27 they show cause why they should not be punished for contempt. On that day they filed their motion to quash the information, for the reasons: First, that it charged two separate offenses; and, second, that it did not state facts sufficient to constitute a contempt of court. The motion to quash was overruled, whereupon they filed a written demand for a trial by jury. This was overruled, and the matter was heard by the court without a jury. The court found that the allegations of the information were true, that each of the plaintiffs in error was guilty of contempt as charged, and judgment was entered accordingly.

The errors assigned and insisted upon are: (a) The overruling of the motion to quash; (b) the denial of the demand for trial by jury; (c) that there is no competent evidence in the record justifying the finding of guilty; and (d) that the portion of the injunction alleged to have been violated was wholly void, in that it is prohibited by section 20 of the Clayton Act (Comp. St. § 1243d).

[2] (a) The contention that the information is bad for duplicity is without merit. As stated by the Supreme Court in Myers v. United States, 264 U. S. 95, 44 S. Ct. 272, 68 L. Ed. 577, contempt proceedings "are sui generis—neither civil actions nor prosecutions for offenses, within the ordinary meaning of those terms." The cases cited by plaintiffs in error in support of this contention deal with indictments in criminal cases and are not in point. "There is no fixed formula for contempt proceedings, and technical accuracy is not required." Schwartz v. U. S. (C. C. A.) 217 F. 866; Scoric v. U. S. (C. C. A.) 217 F. 871.

[3] Upon the question as to the sufficiency of the information, it is enough to say that there was filed with it, and attached to and made a part of it by proper averments, the injunction order of the court and the affidavits of three persons setting forth facts constituting violations of the order. In the information thus considered there is set forth

the injunction and the acts constituting its violation. The acts charged amount to clear violations of the injunction. In apt words it is averred that the plaintiffs in error conspired to do, and did, things which the injunction prohibited; that they conspired to commit, and committed, acts which it forbade. The information charged that plaintiffs in error willfully disobeyed an injunction lawfully issued in an equity cause then pending. It was sufficient, and the motion to quash was properly overruled.

[4] (b) Section 21 of the Clayton Act (Comp. St. § 1245a) provides: "Any person, who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any state in which the act was committed, shall be proceeded against for his said contempt as hereinafter provided."

Section 22 (section 1245b) provides: "In all cases within the purview of this act such trial may be by the court, or, upon demand of the accused, by a jury."

Section 24 (section 1245d) provides: "Nothing herein contained shall be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced within section twenty-one of this act, may be punished in conformity to the usages at law and in equity now prevailing."

By the provisions of these sections it appears that, "if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any state in which the act was committed," the person charged shall be entitled, upon demand, to a jury trial, but that in "all other cases of contempt" the proceedings may be "in conformity to the usages at law and in equity" prevailing at the time of the passage of the act.

The statute is too plain to admit of construction. However, the Supreme Court, in Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451, having before it the question of the constitutionality of the provision for trial by jury upon demand, as provided in section 22, said of the provision, "It is of narrow scope, dealing with the single class where the act or thing constituting the contempt is also a crime in the ordinary sense." The acts charged in the information were not "of such character."

Plaintiffs in error do not claim that the acts charged against them constitute also a criminal offense under any law, state or national, but urge that the violation of an injunction is itself a crime and therefore triable by jury. This not only begs the question, but ignores the word "also" in the statute. It was not error to deny the demand for a jury.

[5, 6] (c) There was direct and substantial evidence before the court upon which to base a finding of guilty. Plaintiffs in error did not themselves testify, but as part of their evidence they put upon the stand a shorthand reporter who read lengthy reports of speeches made by them at a meeting, at which the injunction was read and discussed and employees of the company were urged, in defiance of it, to break their contracts and go upon strike. These speeches were full of the usual protestations of loyalty to the court and respect for its order, but a tyro, reading between the lines, could see what it all meant. The court must have found that it was mere pretense. Upon this writ of error we are without power to review findings of fact. "On such a writ only matters of law are considered. The decision of the trial tribunal, court or jury, deciding the facts, is conclusive as to them." Bessette v. Conkey Co., 194 U. S. 324, 338, 24 S. Ct. 665, 671 (48 L. Ed. 997).

[7] (d) Upon the proposition that the portion of the injunction alleged to have been violated was void, being prohibited by section 20 of the Clayton Act, the insistence is that the suit in which the injunction was entered "was a case between employer and employees, and that being such the court was without power to enjoin the peaceful persuasion of others to strike."

The complaint alleged, the evidence established, and the court found that plaintiffs in error were not, at the commencement of the suit or at the time of entering the injunction, in the employ of the railway company. The evidence further shows that they had never been in such employ. It also excludes the idea that they were prospective employees of the company. They were nonresidents of Indiana, one a resident of the state of Missouri and the other a resident of the Domin-

ion of Canada, sent to Indianapolis by a labor organization, not to seek employment with the company, but as organizers whose chief business was to induce the employees of the company to break their contracts with it. In Duplex Printing Press Co. v. Deering, 254 U. S. 443, on page 471, 41 S. Ct. 172, 178 (65 L. Ed. 349), the court, in considering section 20, said: "section 20 must be given full effect according to its terms as an expression of the purpose of Congress; but it must be borne in mind that the section imposes an exceptional and extraordinary restriction upon the equity powers of the courts of the United States * * * a restriction in the nature of a special privilege or immunity to a particular class." And again on page 472 (41 S. Ct. 178): "Full and fair effect will be given to every word if the exceptional privilege be confined—as the natural meaning of the words confines it—to those who are proximately and substantially concerned as parties to an actual dispute respecting the terms or conditions of their own employment, past, present, or prospective."

Plaintiffs in error were not past, present, or prospective employees of the company and had no interest in the contract with its employees, and were not in any view of the case entitled to the privilege or immunity given by section 20.

Affirmed.