## DAY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 5, 1927.)

No. 3831.

1. **Monopolies ☞24(2)—Information for violating injunction against other parties held to sufficiently charge defendant was acting in concert with original defendants.**

Information for violating injunction in strike of street railway employees, involved in case against other defendants, *held* to sufficiently allege that defendant was in active concert and participating with parties to original injunction suit, though he was not a party thereto.

2. **Monopolies ☞24(2)—Injunction held binding on party acting in concert and participating with parties to injunction suit (Clayton Act, § 19 [Comp. St. § 1243c]).**

Under Clayton Act, § 19 (Comp. St. § 1243c), injunction is binding on person who was not a party to injunction suit, under evidence showing that he was acting in concert and participating with parties to suit.

In Error to the District Court of the United States for the Indianapolis Division of the District of Indiana.

Edgar Day was convicted of violating an injunction, and he brings error. Affirmed.

Wm. C. Bachelder, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Indianapolis, Ind., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The plaintiff in error was charged, in an information filed by the district attorney, with violating the injunction involved in the Case of Armstrong and Parker (No. 3832, decided March 30, 1927) 18 F.(2d) 371. In addition to restraining Armstrong and Parker, and those acting in concert with them, from soliciting and persuading the railway company's employees to break their contracts with it and go upon strike, the order enjoined them and each of them, their officers, agents, employees, and attorneys, and "all persons acting in combination or conspiring with them, or either of them, or for or in the interests of said defendants, or any of them, and every person having knowledge of the existence of this order," from committing certain threatened acts of violence and intimidation calculated to promote the strike.

The information charged that plaintiff in error and three other persons conspired to violate the injunction, and committed overt acts in violation of it, and set out the particular acts of violence and intimidation alleged to have been committed by them—acts which the injunction in terms forbade. The three other defendants pleaded guilty. Plaintiff in error pleaded not guilty. A jury was called, the evidence heard, and a verdict of guilty as charged was returned. The court thereupon entered the judgment complained of. There are several assignments of error, but they present for review only two rulings of the court: (a) The overruling of the demurrer to the information; and (b) the refusal of the court to instruct the jury to return a verdict for the plaintiff in error.

The ground of demurrer was that the information did not charge that plaintiff in error was a party to the suit, *or* that he was acting in concert or participating with the parties thereto. The motion to direct a verdict was upon the ground that the evidence was not sufficient to sustain a finding of guilty, and the insistence is that he was not shown to be a party to the suit *or* to have acted in concert or participated with them, and, further, that the evidence was not sufficient to show his guilty connection with the acts of violence shown to have been committed. Plaintiff in error was not a party to the suit, but there is no question that he had actual notice of the injunction. The question upon the demurrer therefore is: Was he alleged to be in active concert or participating with the parties to the suit? And upon the motion to direct a verdict, the main question is: Was the evidence before the jury sufficient to warrant a finding to this effect?

[1] (a) There was filed with the information, and attached to and made a part of it by proper averments, the injunction order of the court and the affidavit of one Russell Bane, setting forth facts constituting clear violations of the order. Taking the information as a whole, it sufficiently charges that the defendants to the suit were promoting a strike among the employees of the street railway company; that they, and all persons acting in combination or conspiring with them, or for or in the interest of them or either of them, were enjoined from doing certain things calculated to further the strike; that plaintiff in error and his codefendants had committed acts which appear to be and could only be acts in the aid of and in the interest of those promoting the strike. They were the acts of associates and confederates in such cases, and the averment that they did them, under the circumstances alleged, can receive no other construction than that in so doing they were in active concert and

participating with the parties to the suit. The demurrer to the information was properly overruled.

[2] (b) There is abundant evidence in the record to warrant the jury in finding that plaintiff in error was guilty of the acts charged against him; that is, that he assisted, aided, and abetted his codefendants in the commission of the acts of violence charged. While his counsel question the sufficiency of the evidence in this regard, their real reliance seems to be that the evidence was not sufficient to show that he acted in concert or participated with the defendants to the suit. They base their contention upon section 19 of the Clayton Act (Comp. St. § 1243c), which, so far as applicable here, reads:

"Every order of injunction or restraining order * * * shall be binding only upon the parties to the suit, their officers, agents, servants, and employees, and attorneys, or those in active concert or participating with them, and who shall, by personal service or otherwise, have received actual notice of the same."

No question is raised as to whether this means acting in concert with the parties to the suit, in doing the things which warranted the injunction, or in the violation of it. But whichever view is taken, there was sufficient evidence before the jury to warrant it in finding, not only that plaintiff in error was acting in concert with Armstrong and Parker, before the injunction was entered, but also in the violation of it. By the terms of section 19 the injunction was binding upon plaintiff in error as one acting in concert with the defendants to the suit.

Affirmed.